UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------- x
UNITED STATES OF AMERICA         :
                                 :
v.                               :
                                 :   Crim. No. 3:17-cr-205 (AWT)
                                 :
JOSE CARRASQUILLO and             :
DWAYNE THOMPSON                  :
-------------------------------- x
```

**ORDER RE DEFENDANT'S MOTION FOR CONTINUANCE**

For the reasons set forth below, defendant Jose Carrasquillo's sealed motion for a continuance (ECF No. 168) was denied after a hearing on January 27, 2022.

The indictment in this case was returned on September 12, 2017, and the defendant's first attorney filed an appearance on September 22, 2017. His current counsel filed an appearance on October 3, 2017.

Starting in March 2020, jury trials were suspended by the court's general orders due to the COVID-19 pandemic. See, e.g., ECF No. 105. Even before that time, however, the defendant was granted continuances on five separate occasions. See ECF Nos. 34, 40, 56, 80, 102. The defendant was also granted two additional continuances during the pandemic. See ECF Nos. 115, 134. Three continuances were granted due to the defendant's notice of an insanity defense in accordance with Fed. R. Crim. P. 12.2, see ECF No. 56, 102, 105, while another was the result of a motion by the government to permit the government time to

-1-

respond to the defense expert report, see ECF No. 97. The government ultimately moved to preclude the defense expert, see ECF No. 119, and the court granted that motion on March 3, 2021, see ECF No. 141. The defendant withdrew his insanity defense on July 28, 2021. See ECF 154.

On October 4, 2021, the court held a telephonic status conference for the purpose of setting a firm trial date, and it was agreed that jury selection would take place on March 17, 2022. The instant motion was filed on January 23, 2022, seeking another six-month continuance. The court was informed that defense counsel would have difficulty writing or using a keyboard, which would interfere with his ability to, among other things, conduct research and draft proposed voir dire questions, proposed jury instructions, and motions in limine.

> The Sixth Amendment gives a defendant in a criminal proceeding the right to "the Assistance of Counsel for his defence." Recognition of this right requires that "a defendant ... be afforded a fair opportunity to secure counsel of his own choice." *Powell v. Alabama*, 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158 (1932). Nonetheless, the "right to choose one's own counsel is circumscribed in several important respects," *Wheat v. United States,* 486 U.S. 153, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988), and "must at times give way to the need for the fair and efficient administration of justice," *United States v. Cicale,* 691 F.2d 95, 106 (2d Cir.1982), *cert. denied,* 460 U.S. 1082, 103 S.Ct. 1771, 76 L.Ed.2d 344 (1983).

United States v. Scopo, 861 F.2d 339, 344 (2d Cir. 1988). See also United States v. Ostrer, 597 F.2d 337 (2d Cir. 1979). In

United States v. Bert, the court explained why the public has an interest in avoiding extended pretrial delays:

> "[T]here is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused." *Barker,* 407 U.S. at 519, 92 S.Ct. 2182. The Act's demand that justice be swiftly administered serves the public interest by, among other things, avoiding extended pretrial delays, which may "impair [ ] the deterrent effect of punishment," *Zedner,* 547 U.S. at 501, 126 S.Ct. 1976, or "risk the loss of important evidence," *Giambrone,* 920 F.2d at 181. "Whenever [a prosecution]--for whatever reasons--falls short of meeting the Act's requirements, the administration of justice is adversely affected." *Ramirez,* 973 F.2d at 39. "Certainly, the public is the loser when a criminal trial is not prosecuted expeditiously, as suggested by the aphorism, 'justice delayed is justice denied.'" *Gambino,* 59 F.3d at 360.

United States v. Bert, 814 F.3d 70, 83 (2d Cir. 2016).

Here, after considering several factors, the court concluded that the need for the fair and efficient administration of justice requires that the jury selection proceed on March 17, 2022. First, the delay in this case has been extended, and the requested delay of an additional six months would mean that over five years would have passed from the date of the indictment to the date of jury selection. Second, based on the letter from defense counsel's physician, it is only "reasonably certain" that defense counsel will be sufficiently recovered in six months, and the letter contains no assurance that defense counsel's condition will not get worse,

as opposed to improve. Third, the government outlined the contours of its case during the hearing, and it is apparent that the case is not a complicated one: one count charges the defendant and his co-defendant with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, a second count charges the defendant and his co-defendant with attempt to possess with intent to distribute one kilogram or more of heroin, and a third count is a firearms charge in which the defendant is not named. Fourth, the court is appointing associate counsel from the Criminal Justice Act panel for the purpose of assisting defense counsel, and even if defense counsel's condition were to become worse and he were unable to continue, the CJA counsel would be able to step in seamlessly because of the nature of the case.

It is so ordered.

Signed this 28th day of January 2022 at Hartford, Connecticut.

                                        /s/AWT
                               Alvin W. Thompson
                      United States District Judge